NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 23 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IBRAHIM FARHAB BARE,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-452

Agency No.
A073-436-746

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 2, 2024
San Francisco, California

Before: BENNETT, BRESS, and FORREST, Circuit Judges.

Petitioner Ibrahim Farhab Bare petitions for review of the Board of

Immigration Appeals' (BIA) denial of his motion to reopen removal proceedings to

consider his claim for deferral of removal under the Convention Against Torture

(CAT). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition and

remand.

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the denial of a motion to reopen for abuse of discretion. *Aguilar Fermin v. Barr*, 958 F.3d 887, 892 (9th Cir. 2020). Although the BIA "does not have to write an exegesis on every contention," *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (internal quotation omitted), it must provide enough explanation that its reasoning "path may reasonably be discerned," *Hernandez v. Garland*, 52 F.4th 757, 768 (9th Cir. 2022) (internal quotation omitted).

After assuming that Bare had established changed country conditions in Somalia, the BIA summarily concluded that Bare did not establish a prima facie showing of eligibility for CAT relief without substantively addressing the specifics of his case, including the evidence in the record that Bare may need to return to southern Somalia where his tribe is from, which is largely controlled by Al-Shabaab, and that Al-Shabaab imprisons those who, like Bare, do not conform to fundamentalist Islam. "Because of the lack of analysis, we are unable to effectively review [the BIA's] conclusion" that Bare's fear of future harm is too generalized and speculative, and that he has not shown a reasonable likelihood of torture by or with the acquiescence of a Somali public official. *See Singh v. Garland*, 117 F.4th 1145, 1151–52 (9th Cir. 2024). Accordingly, we grant the petition, vacate the order denying Bare's motion to reopen, and remand for further proceedings. We express no opinion on the merits of Bare's CAT claim or the necessity of further remand

for an Immigration Judge to conduct additional factfinding.[1]

**PETITION GRANTED, VACATED, and REMANDED.** The Government shall bear the costs on appeal.

---

[1] Bare's Motion to Stay Removal, Dkt. 3, and Supplemental Motion to Stay Removal, Dkt. 8, are GRANTED.